IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In the Matter of Melendez: | * | Case No. 08-06925 (GAC) |
| William Eric Melendez, | * | Chapter 13 |
| Debtor, | * | |
| William Eric Melendez, | * | Adversary No. 09-0090 (GAC) |
| Plaintiff, | * | Filed & Entered on 5/4/09 |
| v. | * | |
| Mei-Ling Baez Godinez, | * | |
| Defendant. | * | |
| _____ | * | |



**MOTION TO QUASH DOCKET DOCUMENTS # 7-10 AND TO TERMINATE
UNWARRANTED DISCOVERY CONTAINED IN SAID DOCUMENTS**

**TO THE HONORABLE COURT:**

**NOW COMES** defendant, Mei-Ling Baez Godinez ("Baez"), *Pro Se*, and respectfully states, alleges and prays as follows:

1. Rule 7005 of the Federal Rules of Civil Procedure states the following: "Rule 5 F.R.Civ.P. applies in the adversary proceeding."

2. Rule 5 of the Federal Rules of Civil Procedure in its relevant part states the following:

> (a) Service: When Required:
> (1) In General. Unless these rules provide otherwise, each of the following papers must be served on every party:...
> (C) a discovery paper required to be served on a party...
> (D) a written motion...
> (b) Service: How Made...
> (2) Service in General. A paper is served under this rule by:..

Motion to Quash Docket Documents # 7-10 and To Terminate Unwarranted Discovery Contained in Said Documents
Adversary No. 09-0090 (GAC)

        (C) sending it by electronic means **if the person consented in writing**.

3. In turn, the Certificate of Service of **Docket Document # 10** states the following: "I hereby certify that on this date: **notification will be sent via ECFS messaging to all** subscribers and **parties of interest**." (Emphasis supplied) (*See* **Docket Document # 10, Page 2**.)

4. The undersigned has not consented in writing or otherwise to service via electronic means.

5. The undersigned is neither a lawyer admitted to the federal bar nor does she intend to be.

6. The undersigned is not subscribed to the Unites States Bankruptcy Court for the District of Puerto Rico CM/ECF system.

7. Thus, Plaintiff's notice of documents to the undersigned has been inexistent.

8. Moreover, a review of the Complaint demonstrates that the claims contained therein originate between the years 1997-2002. (*See* **Docket Document # 1, Page 5, ¶ 17**.) Yet, the discovery commenced by Plaintiff covers later years and matters completely unrelated to the Complaint:

    A. Director de Asistencia Economica, Universidad de Puerto Rico: discovery for years 2008 – 2010 (*See* **Docket Document # 10**.)

    B. Popular Mortgage, House Purchased on 2007 (*See* **Docket Documents # 7 and 10**.);

    C. Secretario de Hacienda: Income Tax Returns of the undersigned and the minor, Plaintiff's own daughter, for the years 20006-2009. (*See* **Docket Documents # 8 and 10**.)

2

9. Hitherto, Plaintiff's discovery is completely unrelated to the allegations contained in the Complaint. Therefore, the same is completely invasive and unwarranted.

**WHEREFORE,** Baez respectfully requests that the Honorable Court:

    A.    Take notice of the above;

    B.    Quash Docket Documents # 7-10;

    C.    Terminate Plaintiff's discovery hitherto; and

    D.    Take any other appropriate measure provided by law.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 28th day of May of 2009.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, a true and exact copy of the foregoing document was sent, by first class mail, to: **William Eric Melendez**, Cond. Brisas del Parque Escorial, Apt. 3502, Carolina, Puerto Rico 00987.

**Ms. Mei-Ling M. Baez Godinez**
Urb. Laderas de San Juan
86 Calle Ortegon H-9
San Juan, Puerto Rico 00926
Tel. (787) 349-8999

By: _____
Mei-Ling M. Baez Godinez
e-mail: meibaez@hotmail.com

3