IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In the Matter of Melendez: * | Case No. 08-06925 (GAC) | |
| William Eric Melendez, * | Chapter 13 | |
| Debtor, * | | |
| William Eric Melendez, * | Adversary No. 09-00090 (GAC) | |
| Plaintiff, * | Filed & Entered on 5/4/09 | |
| v. * | | |
| Mei-Ling Baez Godinez, * | | |
| Defendant. * | | |
| _____ * | | |

## MOTION TO DISMISS FOR FAILURE TO FILE NOTICE OF REMOVAL UNDER BANKRUPTCY RULE 9027(a)(3)

**TO THE HONORABLE COURT:**

**NOW COMES** defendant, Mei-Ling Baez Godinez ("Baez"), *Pro Se*, and respectfully states, alleges and prays as follows:

I.    INTRODUCTION

Present action should be terminated because Plaintiff failed to file notice of removal in the present case or the Puerto Rico State Court: *Melendez v. Baez, Civil No. K CD2009-0159*.

II.    STATEMENT OF UNCONTROVERTED MATERIAL FACTS

1.    Plaintiff initiated filed for bankruptcy under Chapter 13 on October 16, 2008. (*See* **Bankruptcy Case No. 08-06925.**)

2.    On January 20, 2009, Plaintiff filed a complaint against Baez in the Puerto Rico Court of First Instance: *Melendez v. Baez, Civil No. K CD2009-0159*. (*See* **Exhibit 1.**)

3.    On May 1, 2009, Plaintiff filed the present complaint. (*See* **Docket Document # 1.**)

Motion to Dismiss for Failure to File Notice of Removal under Bankruptcy Rule 9027(a)(3)
Adversary No. 09-00090 (GAC)

4. All present claims in the present case were first included in the Complaint filed in the Puerto Rico Court of First Instance: *Melendez v. Baez, Civil No. K CD2009-0159*. (*See* **Exhibit 1, ¶¶ 20, 26, 28, 29, 30, and 31** and **Docket Document # 1.**)

5. Plaintiff mailed both summons and the complaint in the present case on May 7, 2009. (*See* **Exhibit 2.**)

6. Baez received both summons and the complaint in the present case on May 8, 2009. (*See* **Exhibit 3.**)

7. The above captioned claim is NOT a core proceeding. The claim filed against the estate was for outstanding domestic support. Therefore, the claim against Plaintiff's estate was filed on behalf of a minor, Plaintiff's daughter. (*See* **Docket Document # 11, Exhibit 1.**) In turn, this adversary proceeding is against Baez in her personal capacity, a different party altogether.

8. Since the present is not a core proceeding, <u>**Baez does NOT consent to entry of final orders or judgment by the bankruptcy judge**</u>. (*See* ¶ 5 above.) (*See also* **Docket Document # 11, ¶ 21.**)

9. Hitherto, Plaintiff has not filed a notice of removal in the present case.

10. Hitherto, Plaintiff has not filed a notice of removal in *Melendez v. Baez, Civil No. K CD2009-0159*. (*See* **Exhibit 4.**)

II. LEGAL DISCUSSION

Present action should be terminated because Plaintiff failed to file notice of removal in the present case or the Puerto Rico State Court: *Melendez v. Baez, Civil No. K CD2009-0159*. Bankruptcy Rule 9027(a)(3) transcribed literally states the following:

> [i]f a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy Code], a notice of removal may be filed with the [Bankruptcy Clerk] only within the shorter of (A) 30 days after receipt, through service or otherwise,

2

of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the [Bankruptcy Court] but not served with the summons.

In the present case, Plaintiff filed for Bankruptcy under Chapter 13 on October 16, 2008. (*See* **Bankruptcy Case No. 08-06925.**) On January 20, 2009, Plaintiff filed a complaint against Baez in the Puerto Rico Court of First Instance: *Melendez v. Baez, Civil No. K CD2009-0159*. (*See* **Exhibit 1.**) On May 1, 2009, Plaintiff filed the present adversary proceeding. (*See* **Docket Document # 1.**). All claims in the present case were first included in the Complaint filed in the Puerto Rico Court of First Instance: *Melendez v. Baez, Civil No. K CD2009-0159*. (*See* **Exhibit 1, ¶¶ 20, 26, 28, 29, 30, and 31** and **Docket Document # 1.**) Baez received both summons and the complaint in the present case on May 8, 2009. (*See* **Exhibit 3.**) Thus, Plaintiff had until June 8, 2008, to file notice for removal of the Puerto Rico State Case: *Melendez v. Baez, Civil No. K CD2009-0159*. Hitherto, Plaintiff has not filed a notice of removal in the present case or in *Melendez v. Baez, Civil No. K CD2009-0159*. (*See* **Exhibit 4.**) Consequently, Plaintiff failed to timely remove case from the Puerto Rico State Court. As a result, the present adversary proceedings should be dismissed.

**WHEREFORE,** Baez respectfully requests that the Honorable Court:

A.  Take notice of the above;

B.  Dismiss present adversary proceedings; and

C.  Take any other appropriate measure provided by law.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 12th of June of 2009.

3

Motion to Dismiss for Failure to File Notice of Removal under Bankruptcy Rule 9027(a)(3)
Adversary No. 09-00090 (GAC)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, a true and exact copy of the foregoing document was sent, by first class mail, to: **William Eric Melendez**, Cond. Brisas del Parque Escorial, Apt. 3502, Carolina, Puerto Rico 00987.

**Ms. Mei-Ling M. Baez Godinez**
Urb. Laderas de San Juan
86 Calle Ortegon H-9
San Juan, Puerto Rico 00926
Tel. (787) 349-8099

By:_____
Mei-Ling M. Baez Godinez
e-mail: meibaez@hotmail.com

— Exhibit 1 —

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

508

| | |
|---|---|
| William Eric Meléndez Menéndez,<br><br>Demandante,<br><br>v.<br><br>Mei-Ling Báez Godínez,<br><br>Demandada. | Civil Núm. KCD09-0159<br>Sala:<br><br>Sobre: Cobro de Dinero |

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

**COMPARECE**, la parte demandante, *Pro Se*, y respetuosamente EXPONE, ALEGA Y SOLICITA:

I. Introducción

1. William Meléndez Menéndez, de 47 años de edad, es Contador Público Autorizado, casado y vecino de Carolina, Puerto Rico, y aspirante a ser admitido a la práctica de la abogacía.

2. Mei-Ling Báez Godínez, es por información o creencia, de 40 años de edad, es decoradora, soltera y vecina de San Juan, Puerto Rico.

3. La demandada es madre custodia de María Judith Meléndez Báez, de 18 años, quien fue procreada durante el matrimonio de ésta con el demandante.

4. La presente acción emana de pagos que el demandante ha emitido a la demandada para cubrir los gastos relativos al sustento de la hija menor de ambos, en exceso de la pensión alimentaria impuesta por el Tribunal en el caso **D DI1992-3701** ante el Tribunal Superior – Sala de Bayamón, y trasladado ahora al caso **K DI2008-0969** ante el Tribunal Superior – Sala de San Juan.

5. Durante todo el período relativo a esta causa de acción la demandada se negó a descargar su responsabilidad alimentaria para con la hija menor que procrearon las partes durante su corto matrimonio.

6. Entre los años 1995 y 2002 la demandada contrató y se comprometió con el demandante al reembolso de los pagos en exceso antes descritos y realizados por éste.

7. No obstante, hasta la fecha ha ignorado todos los intentos de cobro o reclamaciones de crédito que el demandante le ha señalado, y ha suspendido efectivamente todo nivel de comunicación con éste.

**II. Las Partes**

8. El demandante contrajo nupcias con su actual esposa – Ninoshka González González – el 9 de noviembre de 2007, en la ciudad de New York, NY, y bajo las leyes de ese estado. Su dirección residencial es el 3502 del Condominio Brisas de Escorial, Carolina, Puerto Rico. Su número telefónico es el (787)379-7011.

9. La demandada reside en la Urbanización Laderas de San Juan 86, calle Ortegón H-9, en San Juan, Puerto Rico, junto con Daniel Pérez y la hija menor que procreó con el demandante. Su número telefónico es el (787)349-8999.

10. Al momento de los hechos que más adelante se detallan entre los años 1997 y 2002, las partes habían disuelto su matrimonio y vivían vidas independientes de sí desde 1992, cuando incialmente se separaron, y finalmente divorciaron en 1994.

**III. Relación de Hechos**

11. Las partes contrajeron matrimonio en abril de 1990, en el municipio de Carolina, Puerto Rico.

12. Durante el matrimonio procrearon una hija, María Judith Meléndez Báez, nacida el 13 de octubre de 1990.

13. El matrimonio, junto con su hija menor, residieron juntos desde septiembre de 1990 hasta enero de 1992 en el condominio Plaza Inmaculada, en Santurce, Puerto Rico.

2

14. Durante el 1992 la demandada abandonó el hogar que compartía con el demandante y la hija de ambos, para vivir intermitentemente con un compañero en el área de Caparra, en Guaynabo, Puerto Rico, y con una tía por vínculo materno en la urbanización Garden Hills, en Guaynabo, Puerto Rico.

15. La hija menor de las partes quedó bajo el cuidado exclusivo del demandante, quién pasó a residir con sus padres, en la urbanización el Señorial, en Rio Piedras, Puerto Rico.

16. El demandante interpuso demanda divorcio y peticionó la custodia de la menor en noviembre de 1992.

17. Dicho matrimonio quedó disuelto por divorcio en o alrededor de marzo, 1994.

18. Al momento de la disolución del matrimonio quedó también disuelta la sociedad legal de gananciales, sin prestaciones por resolver por ninguno de los ex cónyuges.

19. La demandada retuvo custodia de la menor.

20. La obligación del demandante por el pago de pensión alimentaria a favor de la menor María Judith Meléndez Báez quedó fijada en $600.00 mensuales.

21. Durante el año 1994 a la menor se le diagnosticó la condición de diabetes.

22. La demandada exigió al demandante que la menor fuera tratada exclusivamente en la clínica Joslin Diabetes Center, en Boston, Massachusetts, por no haber podido procurar cuidado médico competente para la menor dentro de Puerto Rico.

23. La demandada, bajo dolo, engaño y fraude representó al demandante que carecía de medios económicos para aportar la parte que le correspondía de los gastos extraordinarios del tratamiento, por lo que el costo total del tratamiento fue cubierto por el demandante.

3

24. El demandante estima preliminarmente que haya llevado a la menor al Joslin Diabetes Center en Boston, Massachusetts en alrededor de 10 ocasiones, en las cuales cubrió los gastos estimados en, cada instancia, de:
    a. pasaje aéreo - $1,000.00.
    b. habitación - $900.00
    c. tratamientos no cubiertos por el plan médico - $1,000.00.
    d. comida y transportación local - $400.00.

25. El demandante estima preliminarmente que de los $3,300.00 estimados para cada visita al Joslin Diabetes Center, para un total de $33,000.00, la parte correspondiente a la demandada, y no satisfecha por ella, es de al menos la mitad, o **$16,500.00**.

26. En agosto de 1997 el demandante se relocalizó fuera de Puerto Rico por razón de su empleo, y regresó a Puerto Rico por la misma razón en octubre de 2002.

27. Desde 1997, mientras el demandante estaba empleado fuera de Puerto Rico, la demandada le representó que los gastos médicos de la menor habían incrementado sustancialmente, y que los ingresos de la demandada y la pensión de $600.00 le resultaban insuficientes para cubrirlos.

28. Las partes contrataron en agosto de 1997:
    a. que el demandante depositaría entre $1,000.00 y $1,600.00 mensuales en la cuenta de banco de la demandada;
    b. que dicho pago cubriría los $600.00 de la pensión alimentaria a favor de su hija menor.
    c. que la demandada produciría periódicamente para el demandante los recibos que acreditasen que en efecto estaba incurriendo los gastos médicos alegados para el tratamiento médico de la menor.

4

  d. que la demandada vendría obligada a reembolsar al demandante el dinero en exceso de los $600.00 de la pensión alimentaria que no se utilizaran para gastos médicos de la menor.

  e. que la demandada vendría obligada a reembolsar al demandante la parte que a ella le correspondiera de los gastos médicos extraordinarios antes descritos.

29. Entre agosto de 1997 y octubre de 2002, período durante el cual el demandado trabajó fuera de Puerto Rico, la demandada no produjo evidencia alguna que acreditara los desembolsos para el tratamiento médico de la menor.

30. El demandante estima preliminarmente el pago en exceso de su obligación alimentaria entre agosto de 1997 y octubre de 2002 en **$38,000.00**.

31. Dichos pagos constan en los registros del RG Premier Bank (Martínez Nadal Branch 19, Guaynabo, P.R. 00657), en la cuenta número 0211022478, a nombre de la demandada.

32. En noviembre de 1997, estando el demandante relocalizado fuera de Puerto Rico, la demandada le representó que había perdido su único medio de transporte, por lo cual carecía de los medios necesarios para que la menor pudiera asistir a la escuela y a sus citas médicas. La demandada con ello solicitó al demandante un préstamo para adquirir un automóvil nuevo.

33. El demandante, en su lugar, adquirió un vehículo Toyota modelo 4-Runner, a un costo de financiamiento de $675.00 mensuales y sobre el cual mantuvo titularidad, y lo puso a la disposición de la demandada por el corto plazo y temporeramente hasta que la demandada resolviera su problema de transporte.

34. Desde noviembre de 1997, hasta que el demandante regresó a Puerto Rico en octubre de 2002, la demandada representó no haber podido resolver su problema de transportación, por lo que retuvo el uso exclusivo del vehículo antes descrito, sin reembolsar al demandante por este beneficio.

5

35. El demandante recupero posesión del vehículo a su regreso a Puerto Rico en octubre de 2002.

36. El demandante estima preliminarmente el costo de transportación en interés de su hija antes descrito, y en exceso de su obligación alimentaria entre noviembre de 1997 y octubre de 2002 en $**40,500.00**.

37. En noviembre de 1998, estando el demandante relocalizado fuera de Puerto Rico, la demandada le representó que no podía cubrir el costo de renta del apartamento donde residía con la menor, y que el arrendador le había requerido que desocupara el mismo, contrariado por la frecuencia en la que le eran devueltos por el banco por insuficiencia de fondos los cheques que la demandada emitía para cubrir los cánones de arrendamiento.

38. Como consecuencia, el demandante puso a la disposición de su hija menor – quien vivía en compañía de la demandada - un inmueble que había adquirido en Guaynabo, Puerto Rico, hasta tanto la demandada pudiera recuperarse económicamente y resolver su problema de vivienda.

39. La demandada continuó representando al demandante que no se había recuperado económicamente, y no desocupó la propiedad del demandante hasta que éste se volvió a relocalizar en Puerto Rico en octubre de 2002.

40. El costo total de mantener la residencia recayó y fue cubierto exclusivamente por el demandante, y se desglosó mensualmente en $2,870.00 entre las siguientes partidas:

    a. Hipoteca - $1,600.00

    b. Electricidad - $300.00

    c. Agua - $200.00

    d. Cable TV y telecomunicaciones - $200.00

    e. Mantenimiento - $120.00

    f. Empleada domestica - $450.00

6

41. El demandante estima preliminarmente el costo de vivienda en interés de su hija antes descrito, y en exceso de su obligación alimentaria entre noviembre de 1998 y octubre de 2002 en $137,760.00.

El demandante estima preliminarmente que las partidas anteriores arrojan un total de $232,760.00, que el demandante ha satisfecho en exceso de su obligación alimentaria, que tiene por ello un crédito por esa cantidad en contra de la demandada, y el correspondiente derecho a reembolso.

IV. Acción de Reembolso o Repetición

42. El demandante reitera y adopta por referencia cada uno y todos los párrafos anteriores.

43. La causa de acción de reembolso o repetición a favor del demandante surge de las siguientes disposiciones del Código Civil de Puerto Rico, y su interpreptación por el Tribunal Supremo de Puerto Rico:

   a. Art. 153 (31 LPRA sec. 601) que impone la obligación de alimentar los hijos no emancipados tanto al padre como a la madre.

   b. Art. 145 (31 LPRA sec. 564) que dispone que cuando recaiga sobre dos o más personas la obligación de dar alimentos, se repartirá entre ellos el deber de alimentar en cantidad proporcionada a su caudal respectivo: López Martínez v. Yordan, 104 D.P.R. 594, 597 (1976); Calvo Mangas v. Aragonés Jiménez, 115 D.P.R. 219, 229 (1984); Mundo v. Cervoni, 115 D.P.R. 422, 424 (1984).

   c. Art. 1112 (31 L.P.R.A. sec. 3162) que regula la figura del pago por tercero: Eastern Sands, Inc. v. Riog Comm. Bank, 140 D.P.R. 703, 719 (1996); Figueroa Robledo v. Rivera Rosa, 149 D.P.R. 565, 568 (1999).

7

## V. Remedio Solicitado

44. Que el Honorable Tribunal tome conocimiento de todo lo anterior.

45. Que el Honorable Tribunal declare Con Lugar la presente demanda.

46. Que el Honorable Tribunal reconozca el crédito de $232,760.00 a favor del demandante.

47. Que el Honorable Tribunal ordene a la demandada satisfacer la deuda anterior a favor del demandante.

48. Que el Honorable Tribunal inponga costas y honorarios a favor del demandante.

49. Cualquier otro remedio que en ley proceda.

En San Juan, Puerto Rico, hoy    de              de 2009.

William Eric Meléndez Menéndez
3502 Brisas de Escorial
Carolina, Puerto Rico 00987
Tel. (787) 379-7011

Por: _____

8







Exhibit 2

From: William E. Meléndez
Cond. Brisas Parque Escorial
Apt. 3502, P.R. 00987
Carolina

TO: Meilin Báez
Urb. Caparra, Cle San Juan #86
Calle Ortegón #1-9
San Juan, Puerto Rico 00926




— Exhibit 3

ie | Help |
Sign In

Track & Confirm    FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **0308 0070 0001 3088 7821**
Class: **Priority Mail®**
Service(s): **Delivery Confirmation™**
Status: **Delivered**

Your item was delivered at 4:07 PM on May 8, 2009 in SAN JUAN, PR 00926.

Detailed Results:
- **Delivered, May 08, 2009, 4:07 pm, SAN JUAN, PR 00926**
- **Arrival at Unit, May 08, 2009, 5:34 am, SAN JUAN, PR 00926**
- **Acceptance, May 07, 2009, 7:49 pm, SAN JUAN, PR 00936**

Track & Confirm
Enter Label/Receipt Number.



## Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email.  ( Go > )

| Site Map | Customer Service | Forms | Gov't Services | Careers | Privacy Policy | Terms of Use | Business Customer Gateway |

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do                6/11/2009


Exhibit 4

| | |
|---|---|
| Caso | K CD2009-0154 |
| Demandante | ASOCIACION DE EMPLEADOS DEL E L A DE PR |
| Demandado | MALDONADO VELEZ, ADA MIRIAM |
| Región | SAN JUAN |
| Tribunal | SUPERIOR |
| Asunto | CIVIL |
| Materia | COBRO DE DINERO |
| Estatus | ACTIVO |

## Documentos

| | |
|---|---|
| Fecha | 29/05/2009 |
| Hora | 13:16 |
| Documento | EMPLAZAMIENTOS DILIGENCIADOS |
| Persona que presente | DDO ADA MIRIAM MALDONADO VELEZ |
| Salón de sesiones | 0508 |
| Juez | CARLOS E. CARRASQUILLO SOTO |

| | |
|---|---|
| Fecha | 29/05/2009 |
| Hora | 13:15 |
| Documento | CONTINUACION |
| Persona que presente | DDO VELEZ Y FULANO DE TAL |
| Salón de sesiones | 0508 |
| Juez | CARLOS E. CARRASQUILLO SOTO |

| | |
|---|---|
| Fecha | 29/05/2009 |
| Hora | 13:14 |
| Documento | EMPLAZAMIENTOS DILIGENCIADOS |
| Persona que presente | DDO S.L.G. COMP. X ADA M. MALDONADO |
| Salón de sesiones | 0508 |
| Juez | CARLOS E. CARRASQUILLO SOTO |

| | |
|---|---|
| Fecha | 20/01/2009 |
| Hora | 08:35 |
| Documento | DEMANDA |
| Persona que presente | DTE         SF |
| Salón de sesiones | 0508 |
| Juez | CARLOS E. CARRASQUILLO SOTO |

Nota: La información suministrada es solamente para fines de orientacióny
no sustituye las comunicaciones oficiales del Tribunal General de Justicia.

**Imprimir**